UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

RICHARD E. LARKIN, JR.,
             *Plaintiff-Appellant,*

v.

JAMES R. PERKINS, President of Blue
Ridge Community College; ROBERT
S. BALDYGO, Dean of Financial and
Administrative Services; JOSEPH M.
MURRAY, Biology Search Committee
Chairman; DONNA P. MAYES,
Biology Search Committee Member;
DONNA L. HASTINGS, Biology Search
Committee Member; LORETTA
WACK, Biology Search Committee
Member; MARY Y. PAXTON, Biology
Search Committee Member;
WILLIAM R.C. MUNSEY, Biology
Search Committee Member; ARNOLD
R. OLIVER, Chancellor; KAREN
PETERSEN, Vice Chancellor; G.
MICHAEL HICKMAN, Assistant Vice
Chancellor,
             *Defendants-Appellees.*

No. 01-1748

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
James C. Turk, District Judge.
(CA-00-86-5)

Submitted: October 18, 2001

Decided: October 29, 2001

Before MOTZ and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Richard E. Larkin, Jr., Appellant Pro Se. Margaret Alice Browne, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Richard E. Larkin, Jr., appeals from the district court's order granting summary judgment in favor of Appellees, and dismissing his employment discrimination action alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e-2(a)(1) (West 1994), 42 U.S.C.A. §§ 1981, 1982 (West 1994), 42 U.S.C.A. § 1983 (West Supp. 2001), and the Equal Protection Clause of the Fourteenth Amendment. He also claims retaliation. Larkin's claims center around his assertion that Appellees unlawfully denied him an interview that may have led to employment.

Our review of the record and the district court's opinion discloses that this appeal is without merit. We agree with the district court's finding that Larkin failed to establish a prima facie case of discrimination. *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312-13 (1996); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Lawrence v. Mars, Inc.*, 955 F.2d 902, 905-06 (4th Cir. 1992). Specifically, we find no genuine issue of material fact*

---

*In response to Appellees' motion for summary judgment, and despite proper notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.

contrary to the district court's conclusion that Larkin was not qualified for the position for which he was applying. Nor did Larkin provide even a scintilla of evidence to support his § 1982 claim, which was properly dismissed by the district court as a matter of law. Finally, Larkin's claims of retaliation against Assistant Vice Chancellor Hickman fail because Larkin failed to present evidence establishing a causal connection between his filing an Equal Employment Opportunity Commission (EEOC) charge and Hickman's decision relative to Larkin's application, and further fail as against the remaining Appellees because any adverse action they took on Larkin's application for employment already was complete by the time he filed his EEOC charge. *See, e.g.*, *Huang v. Board of Governors*, 902 F.2d 1134, 1140 (4th Cir. 1990) (discussing causal connection requirement). Accordingly, we cannot say that the district court's finding of non-discrimination was clearly erroneous. *Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985).

We therefore affirm the district court's grant of summary judgment in favor of Appellees. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

1975), Larkin filed only his own, self-serving affidavit containing conclusory assertions and unsubstantiated speculation, which the district court properly found to be insufficient to stave off summary judgment. *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 455 (4th Cir. 1989).